FILED
SUPERIOR COURT
OF GUAM

2022 MAY 10 PH 2: 41

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

    vs.

FRANK JOSEPH LEON GUERRERO
TAITAGUE,
DOB: 01/25/1972

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0021-21
GPD Report No: 21-01406

DECISION & ORDER:
Defendant's Motion to Reduce Family
Violence Charge to a Misdemeanor AND
Defendant's Motion to Dismiss the Special
Allegation

## I.   Introduction

This matter came before the Honorable Maria T. Cenzon on February 10, 2022, for a hearing on Defendant's Motion to Reduce Family Violence Charge to a Misdemeanor and Defendant's Motion to Dismiss Special Allegation. Attorney William Pole represented Defendant Frank Joseph Leon Guerrero Taitague ("Defendant")[1], and Assistant Attorney General Alysa Draper-Dehart represented the People of Guam (the "People"). After reviewing the Parties' written briefs and the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the court now issues this Decision and Order ruling on the Motions and <u>DENYING</u> Defendant's Motion to Reduce Family

---

[1] Defendant was previously represented by the Public Defender Services Corporation and then Alternate Public Defender, each of whom withdrew due to a conflict of interest, resulting in Attorney Pole's appointment. Withdrawal from Case (Feb. 4, 2021); Withdrawal and Order (Feb. 22, 2021).

Violence Charge to a Misdemeanor and Defendant's Motion to Dismiss Special Allegation for the reasons set forth herein.

## II.    Procedural Background

Pursuant to an Indictment by Grand Jury, on January 28, 2021, the Defendant was charged with Aggravated Assault (As a 3rd Degree Felony) and Family Violence (As a Third Degree Felony). The Court set the matter for trial to commence on February 16, 2022. Crim. Trial Sched. Order (May 6, 2021). On December 20, 2021, Defendant filed his Motion to Reduce Family Violence Charge to a Misdemeanor ("Motion"). The Defendant also filed a Motion to Dismiss the Special Allegation attendant to the First Charge of Aggravated Assault (As a Third Degree Felony). The People oppose both Motions and, in response, the Defendant seems to argue that the Defendant and the Victim, who are brothers, should be permitted to address the dispute as a family matter in order to avoid tearing apart a family. Def.'s Reply Br. at 2 (Dec. 29, 2021) ("The current charges are unlikely to promote these brothers to maintain their family bond and could even strain other family members relationship with these brothers."). On December 27, 2021, Defendant's counsel filed an Addendum admitting that, based on discovery provided by the People after the filing of Defendant's motion, "the extent of injuries [suffered by the Victim] in the opening motions are potentially much more [serious than] indicated." Def.'s Addendum (Dec. 27, 2021).

The basis for Defendant's Motion to Dismiss the Special Allegation is that "it cannot be shown that there was any intent to use a piece of wood as a deadly weapon under Guam law." Def.'s Br. at 1 (Dec. 20, 2021). Moreover, Defendant argues that "the alleged acts of the Defendant would constitute a reckless act and despite being alleged to have hit his brother three times, no broken bones, fractures, sprains, or serious bodily injury has been indicated." *Id.* at 2-

3. Defendant, however, acknowledged via the later filed Addendum that the Victim possibly suffered a broken bone.

## III.    Law and Analysis

### a.    Motion to reduce the charge of Family Violence as a Third Degree Felony to a Misdemeanor

Under 9 GCA § 30.20(b), the court has the discretion to reduce a felony family violence charge to a misdemeanor upon a written, noticed motion prior to commencement of trial. However, this discretion is limited when the family violence charge is the defendant's third offense and the charge for 3rd Degree Family Violence is brought under 9 GCA § 30.20(a)(3), which states, "for the third offense, the offense shall be classified as a third degree felony and the court shall impose a sentence of no less than one (1) year imprisonment. The person, upon conviction, shall be termed a 'repeat offender' and may be subject to extended terms pursuant to § 80.38 of Article 2, Chapter 80 of this Title." In this case, the third degree family violence charge is brought generally under 9 GCA § 30.10(a)(1) by "attempting to case or causing bodily injury to another family or household member." Although the Defendant does have a criminal history of family violence, there is no allegation that the Defendant has committed *three* family violence offenses, thereby subjecting him automatically to the third degree felony charge under 9 GCA § 30.20(a)(3). As such, the Court considers whether, under the circumstances, Defendant is entitled to the discretion of the Court to reduce the charge to a misdemeanor.

In order to determine whether to grant the Defendant's motion to reduce the third degree felony charge to a misdemeanor, the Court shall consider the factors enumerated under 9 GCA § 30.20(c):

(1) the extent or seriousness of the victim's injuries;

(2) the defendant's history of violence against the same victim whether charged or uncharged;

(3) the use of a gun or other weapon by the defendant;

(4) the defendant's prior criminal history;

(5) the victim's attitude and conduct regarding the incident;

(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and

(7) the defendant's history of and amenability to counseling.

While the Defendant seems to concede the factors weigh against granting the Defendant's Motion, the Court will nonetheless address each factor in turn in an abundance of caution. Def.'s Br. at 2 (Dec. 20, 2022) (stating "[M]any of the factors would go against the Defendant.")

### 1.   Analysis of the 9 GCA § 30.20(c) Factors

#### i.   The Extent of the Victim's Injuries

The Declaration filed along with the Magistrate's Complaint in this case states that the Victim sustained physical injuries. *See* Mag. Compl. Specifically, an officer observed "severe redness to the left forearm and a deformity 'due to bone not being straight on the left forearm.'" Decl. to Magistrate's Compl. (Jan. 19, 2022). Additionally, the Victim complained of severe pain. *Id.*

Bodily injury is defined under 9 GCA § 16.10(b) as "physical pain, illness, unconsciousness or any impairment of the physical condition." Bodily injury as defined here is different than serious bodily injury. *Serious bodily injury* is defined as bodily injury which creates serious permanent disfigurement, a substantial risk of death or serious, permanent disfigurement, severe or intense physical pain, or protracted loss or impairment of consciousness or of the function of any bodily member or organ under 9 GCA § 16.10(c).

The Victim in this case has been described as having "severe pain" and physical impairment consistent with the statutory definition of bodily injury, and possibly of "serious bodily injury" under 9 GCA § 16.10(c). Tr. Mot. Hr'g at 2:18 P.M. (Feb. 10, 2022). Defense counsel also acknowledges that the Victim's injuries may have been more extensive than originally thought. In any situation, the fact that the Victim sustained some bodily injury weighs *against* granting the motion.

Moreover, 9 GCA § 30.20(d) prohibits the Court from reducing a felony family violence charge to a misdemeanor if the court, after a hearing, "[F]inds substantial evidence that a victim suffered serious bodily injury, as defined in Subsection (c) of § 16.10, Chapter 16 of this Title." This prohibition applies as an automatic denial of Defendant's motion to reduce the felony charge to a misdemeanor "unless the court finds that due to unusual circumstances a reduction of the charge is manifestly in the interest of justice." *Id*. Defendant claims that the "unusual circumstance" is the Defendant's medical history, records of which Defendant submitted to the Court *under seal* without first seeking an Order sealing such information. Tr. Mot. Hr'g at 2:17 P.M. Whether "unusual circumstances" exist in this case in the context of Defendant's medical conditions is examined later herein. However, the Court finds that the severity of the injuries suffered by the Victim weighs *against* granting the Defendant's motion.

ii.     **The Defendant's History of Violence against the Same Victim**

The Defendant admits that he does have a history of family violence, and that "many of the [Section30.20 (c)] factors would go against the [him]." Def.'s Br. at 2. (Dec. 20, 2021). The Court notes that the Defendant's prior family violence offenses named a different victim than the Victim named in this case, but takes judicial notice of Defendant's prior convictions for family violence and possession of an illegal controlled substance pursuant to Rule 201 of the

Guam Rules of Evidence, although come of these cases have been closed over ten (10) years ago. *See* CF0566-02; CF0461-09; CF0226-14. Thus, while the Defendant does not have a history of family violence as against this particular Victim, because of the Defendant's admission that he has history of committing family violence and his significant prior record, the Court weighs this specific factor *neither* in favor of nor against granting the motion in this particular case.

### iii.    Use of a Gun or Other Weapon

The Defendant is alleged to have grabbed a "piece of wood" and struck the Victim's arm with it, allegedly causing the Victim "severe pain." It is further alleged that the officer "noted severe redness to the left forearm and a deformity 'due to bone not being straight on the left forearm.'" Decl. Magist. Complaint. Defendant argues, in support of his motion to dismiss the special allegation, that "it cannot be shown that there was any intent to use a piece of wood as a deadly weapon under Guam law." Def.'s Br. at 1 (Dec. 20, 2021). However, Defendant does admit that, subsequent to the filing of his original motion, discovery provided by the People indicates "that the Victim suffered a possible Broken Bone and that the extent of any injuries discussed in the opening motions are potentially much more series [sic] then [sic] indicated." Def.'s Addendum.

The Court considers whether a "piece of wood" is a "weapon" as contemplated by 9 GCA § 30.20(c). It is noteworthy to point out that this section *does not* require the Court to find that the Defendant used a "deadly weapon," but only a "weapon." *Id.* The Defendant is charged with the special allegation of "Possession or Use of A Deadly Weapon in the Commission of a Felony." The Declaration submitted with the Magistrate's Complaint as well as discovery in the Defendant's possession shows that the Victim suffered a severe injury, including a possible

broken arm bone, and that he was in severe pain as a result of being struck three times by the Defendant with the piece of wood. Therefore, this factor weighs *against* granting the motion[2].

### iv.  The Defendant's Prior Criminal History

Defendant has an extensive prior criminal history with many allegations involving violence towards others. In CF0461-09, the Defendant was accused of terrorizing (as a 3rd degree felony) another person. The Defendant eventually pled guilty to the lesser-included offense of harassment (as a misdemeanor) in that case. In CF0226-14, the Defendant was charged with aggravated assault, family violence, and criminal mischief, all as 3rd degree felonies. The Defendant later pled guilty to family violence (as a 3rd Degree felony) and the other charges were dismissed. Finally, in PO0112-16, a petitioner who identified herself as the Defendant's former girlfriend requested an order for protection because she was "in fear of domestic abuse" from the Defendant. The petition was ultimately granted. Order of Protection (Dec. 21, 2016). Thus, because the Defendant has an extensive prior criminal history that often has involved violence towards others, this factor weighs *against* granting the Motion to Reduce.

### v.  The Victim's Attitude and Conduct regarding the Incident

Here, the Court notes that the Victim sought immediate medical attention after the altercation with the Defendant. The Victim then told a police officer that "my brother fucked

---

[2] This Court previously addressed a similar situation in which a defendant in a family violence case was alleged to have used a mop and cellphone as weapons against his victim. See *People v. Matheus*, Superior Court of Guam Criminal Case No. CF0281-21, Decision and Order: Def.'s Mot. to Reduce Family Violence Charge to a Misdemeanor (Dec. 9, 2021). Mr. Pole also served as the Defendant's lawyer in that case. In denying his motion to reduce the felony family violence charge to a misdemeanor, this Court ruled, *inter alia,* that "the mop and the cellphone were used as weapons to cause some physical injury to the alleged victim." *Id.* at p. 5 (citing to *Davis v. State,* 945 A. 2d 1167 (Del. 2008) (Supreme Court found that the manner in which a mop wringer was used by the Defendant against his victim constituted a deadly weapon under the circumstances)).

me up" and that he was in severe pain. Decl. Magist. Complaint. However, the Victim has seemingly been uninterested at best ever since the filing of the case. During oral argument for the Motions, it was stated that the People have not been able to locate the Victim and that the Victim refused to tell the doctor who caused the injuries. Tr. Mot. Hr'g at 2:26 P.M.-2:27 P.M. Therefore this factor weighs *neither* in favor or against granting the Motion to Reduce.

> ### vi. The Involvement of Alcohol or Other Substance/History of Substance Use as reflected in the Defendant's criminal history and other sources

There are no allegations of alcohol or drug use in the Declaration to the Magistrate's Complaint or the Indictment in this case. However, the Court does note the Defendant has one possession case from over ten years ago. Tr. Mot. Hr'g at 2:22 P.M. There being no evidence before the Court that drugs or alcohol were involved in this particular instance, this factor weighs *in favor* of granting the Motion to Reduce.

> ### vii. The Defendant's History of and Amenability to Counseling

The Defendant was previously receiving counseling at Client Services Family Counseling in the Family Violence Men's Group as a result of his plea agreement in CF0226-14. He was also ordered to attend and complete the anger management program administered by the Adult Probation Office in CF0461-09. He seemingly completed this condition as his case was later closed after having satisfied all conditions. Order Closing Case (Dec. 11, 2012). Despite this treatment, the Defendant still finds himself embroiled today in another family violence case. Given that the Defendant has a history of completing treatment conditions but that counseling has not yet proven effective in correcting his behavior as evidenced by the latest charges, the Court finds this factor weighs *neither* in favor nor against granting the Motion to Reduce.

## 2. Analysis of 9 GCA § 30.20(d)

As previously acknowledged by defense counsel, the factors of 9 GCA § 30.20(c) cumulatively weigh against reducing the Defendant's charges. Even if the factors weighed in favor of reducing Defendant's charge, 9 GCA § 30.20(d) would prevent the Court from doing so. 9 GCA §30.20(d) states that the Court cannot reduce the charge if, after a hearing, the Court finds substantial evidence that a victim suffered serious bodily injury "unless the court finds that due to unusual circumstances a reduction of the charge is manifestly in the interest of justice."

While the Defendant seems to have conceded there was a serious bodily injury, the Court will nonetheless analyze the facts in an abundance of caution. *See* Tr. Mot. Hr'g at 2:13 P.M. (stating "the Government has provided me additional evidence. That evidence is sufficient to show probable cause for serious bodily injury. We have to concede that."). 9 GCA § 16.10(c) defines serious bodily injury as:

> bodily injury which creates: serious permanent disfigurement; a substantial risk of death or serious, permanent disfigurement; severe or intense physical pain; or protracted loss or impairment of consciousness or of the function of any bodily member or organ.

It is not clear from the record whether the altercation resulted in the Victim's disfigurement or whether his left forearm was already disfigured. If the altercation led to the Victim's forearm being disfigured, then it follows that the victim suffered serious bodily injury and 9 GCA §30.20(d) prevents the Court from reducing the charge. Even if not, the Magistrate's Complaint states that the Victim specifically complained of suffering from "severe" pain. This would again suggest the Victim suffered a serious bodily injury since the Defendant caused him "severe or intense physical pain" *Id*. Thus, the Court finds that the Victim suffered a serious bodily injury pursuant to 9 GCA § 30.20(d).

The Defendant argues that the Court should still reduce the charges even if there was a serious bodily injury because an unusual circumstance exists warranting such a move. Tr. Mot. Hr'g at 2:17 P.M. The Court disagrees. First, Defendant's medical condition fails to qualify as an unusual circumstance. On February 22, 2022, the Defendant filed a medical record under seal. The medical record appears to be from an office visit on August 31, 2021. The record describes Defendant's medical conditions as "stable." The Defendant was advised by the treating physician to cease smoking, lose weight through diet and exercise, and to take his medications. All three recommendations can easily be followed by the Defendant whether or not his charge is reduced to a misdemeanor. Therefore, the Court finds that Defendant's medical condition is not an unusual circumstance warranting the reduction of his family violence charge in the interest of justice. Second, the Defendant constantly alludes to the fact that the Defendant and the Victim are brothers in his briefing. *See* Def.'s Br. at 2 (Dec. 20, 2021); *See also* Def.'s Reply Br. at 2 (Dec. 29, 2021). The relationship between the parties does not seem to be an unusual circumstance upon which the interest of justice warrants overriding 9 GCA § 30.20(d). By its very definition, all defendants charged with a family violence crime are somehow intimately connected with their victims. *See* 9 GCA § 30.10(a). If the Court recognized the Defendant's and Victim's relationship to be an unusual circumstance, then every family violence charge would arguably merit a reduction. This result would be absurd in light of the obvious intent of the legislature in enacting the Family Violence Act, Title 9, Guam Code Annotated. Because Defendant's argument would lead to an illogical result, the Court finds that the familial relationship is not an unusual circumstance and thus the Defendant's charge cannot and will not be reduced by this Court under 9 GCA § 30.20(d).

## b.    Motion to Dismiss the Special Allegation of a Deadly Weapon

Defendant's second Motion asks to dismiss the special allegation that a deadly weapon was used in the commission of a felony. Both parties agree that 9 GCA § 16.10 is the controlling statute in defining a deadly weapon. The statute reads as follows:

> Deadly Weapon means any firearm, or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is **known** to the defendant to be capable of producing death or serious bodily injury.

9 GCA §16.10 (emphasis added).

The disagreement stems on whether the piece of wood, as was allegedly used by the Defendant, fits this definition of a deadly weapon and specifically whether the required mens rea of "knowingly" was present. 9 GCA §4.30(b) states the following:

> A person acts knowingly, or with knowledge, with respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.

Both parties cite to *People v. Chin Song*, 2012 Guam 21 in analyzing this issue. As the Defendant points out, the culpability standard found in *Chin Song* of "subjective awareness of a risk of death [that] could be inferred from the particular facts and circumstances of [the] case" relates to whether there was reckless conduct, and not the mental state of "knowingly" as the charge requires here. Def.'s Reply Br. at 2 (Dec. 29, 2021). While the Defendant is correct, *Chin Song* is still valuable in that it establishes that if "a rational trier of fact could have found" the mental state was satisfied, then there is no reason to dismiss the charge. *See Chin Song*, 2012 Guam 21 ¶ 58.

//

//

1. **Whether a Rational Trier of Fact Could Find The Defendant Possessed the Required Mental State**

A piece of wood, no matter how benign it may seem, can still be a deadly weapon. *See People v. Camacho*, 2015 Guam 37 ¶ 33 ("We hold that where a defendant is charged with the use of a deadly weapon in the commission of a felony, the special allegation may be imposed whether or not the possession of such a weapon is otherwise unlawful."). The Defendant contends that the special allegation should be dismissed because the People cannot show he possessed the "culpable mental state for a deadly weapon." Def.'s Br. at 2 (Dec. 20, 2021). Similar to the Defendant's argument here, the Supreme Court of Guam previously heard an appeal from a defendant that claimed the People could not prove "based on the manner it was used or intended to be used, that the defendant knew the knife was capable of producing death or serious bodily injury." *People v. Cruz*, 1998 Guam 18 ¶ 10. The Guam Supreme Court adopted the analysis from *Davidson v. State*, 602 S.W. 2d 272 (Tex. 1980), assessing whether the instrument used was a deadly weapon based on "**the manner of use**, its size and shape, and its **capacity to produce death or serious bodily injury**." *Id.* at ¶ 16 (emphasis added). This analysis still seems pertinent today as it aligns with Guam's current statute that states an instrument is a deadly weapon if "**the manner it is used or intended to be used** is known to the defendant to be **capable of producing death or serious bodily injury**." 9 GCA §16.10 (emphasis added).

Despite the Court not being aware of any evidence alluding to the size and shape of the piece of wood, it is still evident that a rational trier of fact could find that the piece of wood was a deadly weapon from the manner the Defendant used it and its capacity to inflict serious bodily injury upon the Victim. The Defendant allegedly hit the Victim not once, not twice, but three times. Decl. Magist. Complaint. Hitting a person repetitively could lead a rational trier of fact

to find the piece of wood was used in a manner so as to inflict injury. After having been hit three times on his left forearm with Defendant's piece of wood, the witness immediately transported the Victim to a fire station. *Id.* That the two parties sought immediate help speaks to the gravity of the strikes and the supposition that the Victim suffered not a minor but serious bodily injury. An injury is a serious bodily injury if it inflicts "severe or intense physical pain" on the Victim. 9 GCA § 16.10(c). Here, the Victim explicitly told the responding officer that he was in severe pain. Decl. Magist. Complaint. The officer found the Victim on a stretcher at the fire station and noted his left forearm was deformed and severely red. *Id.* Again, it is not clear whether the altercation caused the Victim's disfigurement or whether his left forearm was already disfigured. Either way, a rational trier of fact could use this evidence to find that the piece of wood was used as a deadly weapon by the Defendant. On one hand, Defendant's use of the piece of wood possibly caused the Victim a "serious permanent disfigurement." 9 GCA § 16.10(c). Alternatively, the Defendant hit the Victim three times on his already deformed left forearm with the piece of wood. Jurisdictions have previously factored in the state of the Victim when analyzing whether a piece of wood was indeed a deadly weapon. *See State v. Henderson,* 204 S.W.2d 774, 779 (Mo. 1947) ("And we think it can be further affirmed that the strength and vitality of the victim of the assault also may be considered."). Therefore, a rational trier of fact could find that the piece of wood was "capable of producing death or serious injury" because it in fact did. 9 GCA §16.10.

Regarding Defendant's specific contention that the People cannot prove he had the necessary culpable state of mind for a deadly weapon, the Guam Supreme Court has also stated that "[A] state of the mind, is rarely, if ever susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed

by the evidence." *People v. Yingling*, 2009 Gaum 11 ¶ 18. In the cased cited by both the Defendant and the People, the Guam Supreme Court quotes *In re William G.*, 963 P.2d 287, 292 (Ariz. Ct. App. 1997) in stating that "[A]bsent a person's outright admission regarding his state of mind, his mental state must necessarily be ascertained by inference from all relevant surrounding circumstances." *People v. Song*, 2012 Guam 21 ¶ 47.

Again, the circumstances discussed above support the People's contention that a rational trier of fact could find the Defendant had the required mens rea for the crime. The Defendant hit the Victim three separate times, suggesting malicious intent. It is also telling that before the alleged beating began, a witness claims to have heard the Defendant tell the Victim "I'm going to kill you." Decl. Magist. Complaint. A rational trier of fact could find this statement and the surrounding circumstances to reveal the Defendant did in fact knowingly use the piece of wood to cause the Victim serious bodily injury. Moreover, the Victim might have suffered a broken bone as a result of the Defendant's actions. *See* People's Br. at 5 (stating that the manner in which the wood was used led to the "presumabl[e] break [of] the Victim's arm." The Defendant recognizes the Victim might indeed have suffered a broken bone. *See* Def.'s Addendum. If true, the broken arm would further the People's contention that the piece of wood was used in a manner so as to cause serious bodily injury and that the Defendant knowingly caused such an injury. Finding that a rational trier of fact could indeed find the piece of wood to be a deadly weapon, the Court denies Defendant's Motion to dismiss the special allegation and instead defers the question of whether the piece of wood was indeed a deadly weapon to a petit jury.

It is worth noting that the Defendant here was indicted by a grand jury on the special allegation of a deadly weapon. A grand jury indicts "when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the

defendant committed it." 8 GCA § 50.54(b) (2013). "Reasonable cause amounts to evidence such that a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." *People v. Grato*, 1987 WL 109393 at* 2 (D. Guam 1987) (citations omitted). Therefore, a grand jury has already found that a rational finder of fact could very well determine that the piece of wood was indeed a deadly weapon as used by the Defendant. Otherwise, they would have not indicted the Defendant accordingly. This Court finds nothing on the record that merits challenging the findings of the Grand Jury or usurping a petit jury's fact-finding function by dismissing the special allegation.

Other jurisdictions that define deadly weapons similarly to Guam have also found pieces of wood to be deadly weapons. *See In re Fortney,* 162 Ohio App. 3d 170 (Ohio Ct. App. 2005); *State v. Henderson*, 204 S.W.2d 774, 779 (Mo. 1947); *Gov't. of Virgin Islands v. Robinson*, 29 F.3d 878 (3d Cir. 1994). The crux of the Defendant's Motion is whether the People can prove he had the requisite mens rea to be charged with the special allegation. When "a defendant must possess a certain state of mind in order to be convicted of that crime, any evidence showing the absence of that state of mind is relevant and thus admissible to negate that element." *People v. Jung*, 2001 Guam 15 ¶ 33. Here, the Defendant only asserts the People could not prove his mental culpability but fails to direct the Court to any evidence in support of his argument. Instead, the claims by the witness, the statements of the Victim, the observations of the responding police officer, and the overall circumstances of this alleged altercation serve as evidence suggesting the Defendant did have the required mens rea to be convicted of the crime. A grand jury has already found so and a rational petit jury could find so as well. For these reasons, the Court denies Defendant's Motion to Dismiss the Special Allegation.

## IV.    Conclusion

Based on the Court's analysis of each of the factors set forth in 9 GCA § 30.20(c) and the threshold in 9 GCA § 30.20(d), the Court hereby DENIES Defendant's Motion to Reduce the Family Violence Charge to a Misdemeanor. Because a rational trier of fact could also find Defendant's piece of wood was a deadly weapon, the Court also DENIES the Defendant's Motion to Dismiss the Special Allegation.

The Court shall issue new trial dates under separate cover.

**SO ORDERED** this _____5|10|2022_____.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM